UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| LARRY JOE COLLINS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 1:16-CV-521-CLC |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM**

Federal inmate Larry Joe Collins has filed a motion, as amended, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion and its amendments. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Collins' § 2255 motion will be denied.

**I.     BACKGROUND FACTS AND PROCEDURAL HISTORY**

In 2002, a jury convicted Collins of possessing an unregistered, illegal firearm in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871; possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951; and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (*See, e.g.*, Doc. 213 p. 1 in 1:01-CR-12). This Court found him to be an armed-career

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

criminal under 18 U.S.C. § 924(e) and a career offender under United States Sentencing Guideline ("Guideline(s)") § 4B1.1, and it sentenced him to an aggregate term of 400 months' imprisonment. *See United States v. Collins*, 129 F. App'x 213, 216 (6th Cir. 2005).

On appeal, the Sixth Circuit affirmed Collins' convictions but vacated and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Collins*, 129 F. App'x at 221. On remand, Collins was again sentenced to a total of 400 months' imprisonment, and that sentence was affirmed on appeal (Docs. 131 & 137 in No. 1:01-CR-12).

In 2009, Collins filed a § 2255 motion to vacate his sentence, which was rejected by this Court (Docs. 202 & 203 in No. 1:10-CR-12). The Sixth Circuit subsequently denied Collins' request for a certificate of appealability (Doc. 213 in No. 1:10-CR-12). Collins' also unsuccessfully sought relief under 18 U.S.C. § 3582(c), and the Sixth Circuit affirmed this Court's denial of relief (Doc. 218 in No. 1:10-CR-12).

Thereafter, in 2016, Collins sought authorization from the Sixth Circuit to litigate whether his convictions for Hobbs Act robbery and possessing a sawed-off shotgun were crimes of violence for purposes of 18 U.S.C. § 924(c), and whether the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated his armed-career-criminal and career-offender designations (Doc. 229 in No. 1:10-CR-12). The Sixth Circuit authorized a successive § 2255 motion only as to Collins' challenges to his armed-career-criminal and career-offender classifications and directed this Court to hold the case in abeyance pending a decision by the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017) (*Id*. at 4-5).

After the Supreme Court rendered its decision in *Beckles* in 2017, Collins subsequently filed several motions to supplement his pending § 2255 motion (*See* Docs. 2, 5, 7). This Court granted Collins' motions to supplement his original application and ordered Respondent to file an answer or other responsive pleading to the § 2255 motion and its supplements (Doc. 9). The United

States responded to Collins' § 2255 motion on June 27, 2019, and Collins submitted his reply on July 22, 2019 (*See* Docs. 12, 13).

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Collins' challenges to his § 924(c) conviction

#### 1. Lack of authorization

Collins argues that "his § 924(c) conviction. . . which related to his Hobbs Act robbery conviction. . . must be overturned because of *Johnson*" and its progeny (Docs. 2 & 7 p. 6-14). However, the Sixth Circuit explicitly declined to authorize Collins to pursue a *Johnson*-related challenge to his Hobbs Act robbery (*See* Doc. 8 p. 19).

A petitioner may only litigate a successive § 2255 motion to the extent that has been authorized by the appellate court. 28 U.S.C. § 2255(h)(2). Authorization is necessarily claim-specific because it may be granted only where the petition "presents a claim. . . that satisfies one of the two grounds articulated" in § 2255(h). *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Because Collins was not granted authorization to challenge the validity of his § 924(c) conviction and sentence, this Court is without jurisdiction to consider those claims. *See In re Sims*, 111 F.3d

45, 47 (6th Cir. 1997) (permitting claim to proceed only where petitioner establishes "that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review"); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (noting district courts have no jurisdiction to address the merits of a successive claim until the appellate court has granted authorization).

### 2. Merits

Out of an abundance of caution, however, the Court will alternatively consider the merits of Collins' challenge to his § 924(c) conviction. In *Johnson*, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), which defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563. In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court invalidated the residual clause of the Immigration and Nationality Act's definition of "crime of violence" as a felony offense which, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Dimaya*, 138 S. Ct. at 1210-11. Collins claims that the reasoning of *Johnson* and *Dimaya* also invalidate the residual clause in § 924(c)(3)(B)'s definition of a crime of violence, which requires vacatur of his § 924(c) conviction.

Under 18 U.S.C. § 924(c), it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves

4

a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Supreme Court expressly stated in *Johnson* that it was not invalidating the ACCA's use-of-force clause, and *Johnson* has no application to the similarly-worded use-of-force clause in § 924(c)(3)(A). *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *See, e.g.*, *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Accordingly, post-*Johnson*, a defendant can properly receive an enhanced sentence based either on the statute's use-of-force or enumerated-offense clauses. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

Here, the Court finds that the residual clause has no relevance to Collins' conviction, as his conviction is valid under § 924(c)(3)(A)'s use-of-force clause. A Hobbs Act robbery by definition involves the taking of property "by means of actual or threated force, or violence, or fear of injury," and therefore, categorically involves the use, attempted use, or threatened use of such force. 18 U.S.C. § 1951(b)(1); *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018); *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (holding Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause)).

Collins also cites the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017) in support of his § 2255 motion. However, the Court finds that the procedural rule announced by *Dean* offers Collins no relief. First, the Court finds that *Dean* held only, as is applicable here, that a sentencing court is not "prevent[ed] . . . from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense," and thus, does not mandate relief for Collins. *Dean*, 137 S. Ct. at 1178. Additionally, "every federal court that has ruled on this issue has held that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review." *United States v. Harper*, No. 11-20188, 2018 WL 783100, at *3 (E.D. Mich. Feb. 8, 2018). Accordingly, Collins is prohibited from bringing a claim under *Dean* on collateral review. *See* 28 U.S.C. § 2255(f)(3). Therefore, Collins is not entitled to relief form his § 924(c) conviction.

**B.     Armed career criminal**

Collins also challenges his status as an armed career criminal, a designation he sustained because of his prior convictions for three assaults with intent to commit murder, one armed bank robbery, and three arsons (Presentence Investigation Report ("PSR") at ¶¶ 93-95, 97-100).

The ACCA requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

As the Court has already noted, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony," and a § 2255 petitioner must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause to obtain relief. *Johnson*, 135 S. Ct. at 2563; *Potter*, 887 F.3d at 788.

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts typically apply a "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g.*, *Mathis*, 136 S. Ct. at 2248-49.

However, where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of conviction. *See, e.g.*, *Mathis*, 136 S. Ct. at 2249. When considering whether the conviction qualifies as an ACCA predicate under this approach, courts may review a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction and compare that crime to the generic offense. *See id.*; *see also Shepard v. United States*, 125 S. Ct. 1254 (2005).

1.  **Assault with intent to commit murder**

At the time of his sentencing, Collins had three prior convictions for assault with intent to commit murder. At all relevant times, the relevant portion of Tennessee's assault statute defined felonious assault with intent to commit murder as an offense committed whenever a person

7

"feloniously and with malice aforethought assault[s] any person, with the intent to commit murder in the first degree[.]" *Carter v. State*, 181 S.W.2d 137, 138 (Tenn. 1944) (quoting Tenn. Code § 10797 (1932)); *Walker v. Parker*, No. W2008-1453-CCA-R3-HC, 2009 WL 2486141, at *3 (Tenn. Crim. App. Aug. 12, 2009) (quoting Tenn. Code Ann. § 39-604). The statute is divisible. *See Banks v. United States*, No. CR 92-20177, 2018 WL 1954840, at *11 (W.D. Tenn. Apr. 25, 2018), *aff'd*, No. 18-5510, 2019 WL 2149658 (6th Cir. May 15, 2019).

Tennessee courts have held that the requisite intent to commit murder could be inferred or presumed where the perpetrator used a deadly weapon. *See, e.g.*, *State v. Bolin*, 678 S.W.2d 40, 41 (Tenn. 1984) (discussing Tenn. Pattern Jury Instruction, Crim. 8.03); *Stooksbury v. State*, 274 S.W.2d 10, 12 (Tenn. 1954). This Court previously recognized that Collins' convictions involved the use of a shotgun, i.e., a deadly weapon (PSR at ¶¶ 93-95; Doc. 105 p. 32 in No. 1:10-CR-12). Using a deadly weapon involves the use of force that is capable of causing physical injury to another. *See Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (holding the deadly-weapon variant of Tennessee's knowing/intentional aggravated assault statute is a violent felony); *Banks*, 2018 WL 1954840, at *11 (W.D. Tenn. Apr. 25, 2018) ("Tennessee assault with intent to commit first degree murder qualifies as a violent felony under the ACCA's use-of-force clause."). Therefore, Collins' assault with intent to murder convictions qualify as one predicate offense.[2]

### 2. Arson

Collins' Tennessee convictions for arson constitute "generic arson" and categorically qualify as predicates under the enumerated-offense clause of the ACCA. *See United States v. Lee*,

---

[2] The Court notes that to qualify as separate predicate offenses, the offenses must have been committed on separate occasions. *See* 18 U.S.C. § 924(e). Inasmuch as the record before the Court does not confirm that the assaults were committed on separate occasions, the Court presumes that the three offenses constitute a single predicate offense.

8

608 F. App'x 375, 377 (6th Cir. 2015) (holding that "the willful and malicious burning of any personal property is covered by the generic definition of arson"); *United States v. Miller*, 246 F. App'x 369, 371–72 (6th Cir. 2007) (holding Tennessee's crime of arson of personal property is a violent felony under the Armed Career Criminal Act and Guidelines). Moreover, the records of conviction show that those three arsons were committed on occasions separate from one another: January 15, 1995; January 29, 1995; and February 20, 1996 (Doc. 152-3 p. 1, 4-7 in No. 1:01-CR-12). Accordingly, Collins' three arson convictions count as three separate predicate offenses. These convictions alone are sufficient to render Collins an armed career criminal. *See United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013) ("The [ACCA] requires just three prior convictions, not more. The rest is overkill.").

### 3. Armed bank robbery

Further, Collins' conviction for federal armed bank robbery by definition involves taking or attempting to take from the presence of another by force or violence a thing of value in the care, custody, control, management, or possession of a bank, 18 U.S.C. § 2113(a), and thus, it categorically falls within the scope of the same. *See United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018) ("A necessary element of bank robbery is the use of 'force and violence' or 'intimidation.' And intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence.") (quoting 18 U.S.C. § 2113(a)). Accordingly, Collins' conviction for armed bank robbery constitutes another predicate offense under the ACCA.

## C. Career-offender classification

Collins argues that the residual clause of Guideline § 4B1.2 is identical to the one held unconstitutional in *Johnson*, and therefore, his prior convictions are no longer career-offender

predicates under the Guidelines. *See Johnson*, 135 S. Ct. 2551; *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (applying *Johnson* rule retroactively). However, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 892-94. Thus, *Beckles* forecloses Collins' claim that the Guidelines provision considered in his sentencing is unconstitutionally vague.

Moreover, the Court notes that Collins' armed-career-criminal classification – not his Guidelines' range – yielded the offense level, criminal history category, and Guidelines range underlying his sentence (*See* PSR at ¶¶ 72-73, 103-05, 155). Accordingly, even if this claim were reviewable, it would not justify relief.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Collins must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.     CONCLUSION

For the reasons stated herein, Collins has failed to establish any basis upon which § 2255 relief could be granted, and his motion (Doc. 232 in No. 1:01-CR-12) will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**